FILED

**NOT FOR PUBLICATION**

FEB 18 2022

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDRES ACOSTA CABEZAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 20-71257

Agency No. A208-927-368

MEMORANDUM<sup>*</sup>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022<sup>**</sup>
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,<sup>***</sup> District Judge.

---

<sup>*</sup>       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup>       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

<sup>***</sup>       The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Andres Acosta Cabezas ("Petitioner"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of his untimely appeal of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "We review de novo claims of 'due process violations in removal proceedings,'" *Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020) (quoting *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010)), and we deny the petition for review.

Petitioner argues that ineffective assistance of counsel has deprived him of his due process right to appeal the IJ's decision. We lack jurisdiction over Petitioner's ineffective assistance of counsel claim because he has not exhausted his administrative remedies by presenting the claim to the BIA.

In general, we may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This exhaustion requirement, "as set forth in 8 U.S.C. § 1252(d)(1), is jurisdictional and therefore 'generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.'" *Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam) (quoting *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th

Cir. 2004)).  This requirement applies to claims of ineffective assistance of counsel.  *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We therefore require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA.").  As we have recently reiterated, "The proper way to raise and exhaust an ineffective assistance of counsel claim in this situation is through a motion to reopen before the agency." *Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021).

Petitioner seeks direct review of the BIA's dismissal of his untimely appeal and has not presented his ineffective assistance of counsel claim to the BIA. Because  Petitioner has not exhausted his administrative remedies, we lack jurisdiction over the claim.

**PETITION DENIED.**